RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0171P (6th Cir.)
File Name: 03a0171p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: STEVE D. ROBINSON,
                    *Debtor.*

STEVE D. ROBINSON,
                    *Appellant,*

v.

CHAMPAIGN LANDMARK,
INC.,
                    *Appellee.*

No. 01-3985

Filed: June 3, 2003

Before: SILER and ROGERS, Circuit Judges; GWIN,
District Judge.*

---

**ORDER**

---

JOHN M. ROGERS, Circuit Judge. Debtor Robinson petitions for rehearing of this court's judgment affirming decisions of the bankruptcy court and Bankruptcy Appellate

---

*The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

2    *In re Robinson*                                    No. 01-3985

Panel in favor of creditor Champaign Landmark (Landmark). The Appellate Panel had upheld a bankruptcy court decision overruling an objection to a claim by Landmark, a claim based on an arbitration decision that had been made in Landmark's favor. While the Appellate Panel found as a matter of law that the recognized bases for vacating an arbitration decision were not present, we affirmed on the alternative, threshold ground that Robinson had not timely filed a proper motion to vacate or modify the arbitration decision as required by the Federal Arbitration Act.

In his pro se petition for rehearing, Robinson asserts that prior to the bankruptcy filing, Landmark had filed an application to confirm the arbitration in question in state court, that Robinson filed an Answer and Counterclaim to Vacate the Arbitration Award, that these actions were stayed by the filing of the bankruptcy proceeding, and that they are still on the inactive docket of the state court. In its response, Landmark does not deny these assertions. The state counterclaim appears to have been filed on July 26, 1999, well within the time limit for filing a motion to vacate an arbitration award.

The record on appeal contained no indication that there had been a pre-bankruptcy state court motion to vacate the arbitration award. The appellate briefs also contained no such indication, despite the Appellate Panel's explicit statements that "Debtor is late if his objection to Landmark's proof of claim is construed as his effort to vacate the arbitration award" and the Appellate Panel's mention of "the absence of prebankruptcy judicial confirmation of the arbitration award." At oral argument in the court of appeals, upon specific questioning as to whether "you ever [sought] to vacate that arbitration award within the time period under the Ohio law or under the federal arbitration provision," Robinson's counsel stated that "[t]here was no such motion." Robinson's counsel also stated that he did not represent Robinson in connection with the arbitration. When subsequently asked whether there was a "challenge" pursuant to sections 10 and 11 of the Federal Arbitration Act, Robinson's counsel stated

that "They did not go for any judicial review prior to the Chapter 12 commencing." Landmark's counsel, moreover, when asked whether "there [was] any significance to the fact that your client didn't move to get judicial confirmation," answered, "No, because I think that's a 'may' rather than a 'have to.'" In its response to the petition for rehearing, Landmark's counsel states that the state counterclaim was "not remembered by Appellee." An appellate court is unable to divine the existence of actions that the record and briefs do not reflect and that counsel agree at oral argument have not occurred. It would therefore be appropriate without more to deny rehearing in this case.

We add, however, that even assuming a proper and timely motion to vacate had been filed, and that the bankruptcy court could therefore properly consider vacating the arbitration award, we would nonetheless affirm. In our previous opinion we described the reasoning of the Appellate Panel in this case, and indicated that we found no error in the Appellate Panel's application of the FAA criteria for review of an arbitration award. Having had the benefit of oral argument and having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are persuaded that the Appellate Panel was correct in affirming the bankruptcy court's decision. Because the reasoning which supports the Appellate Panel's decision has been articulated by the Appellate Panel, the issuance of a further detailed written opinion by this court on those issues would be duplicative and serve no useful purpose.

Accordingly, the Petition for Rehearing is DENIED.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____
Clerk